IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION



| | |
|---|---|
| TAMMY CASS, Individually, and as Representative of the Estate of MARCUS CASS; NATHAN CASS; MATTHEW CASS; JERRY CASS & KYLE CASS, <br>     Plaintiffs, <br><br> v. <br><br> CITY OF ABILENE; STAN STANDRIDGE, Chief of Police; and CHRIS SMITH, Police Officer, <br>     Defendants. | CIVIL ACTION NO. <br> 1-13CV-00177-C <br> ECF |

## DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants file this unopposed motion for leave to file a Reply to Plaintiffs' Response to Defendants' Motion for Partial Summary Judgment.

### A. Introduction

1. Plaintiffs are Tammy Cass, Marcus Cass, Nathan Cass, Matthew Cass, Jerry Cass, and Kyle Cass; for purposes of the Motion for Partial Summary Judgment, Defendants are Stan Standridge, Chief of Police, and Chris Smith, Police Officer.

2. Plaintiffs sued Defendants for violation of 42 U.S.C. sec. 1983 due to excessive force and retaliation.

3. Defendants' filed their Motion for Partial Summary Judgment Regarding the Issue of Qualified Immunity on June 12, 2014. Plaintiffs filed their Response to Defendants' Motion for Partial Summary Judgment on August 15, 2014.

### B. Argument

4. Pursuant to LR 7.1(f), a party who has filed an opposed motion may file a reply brief within 14 days from the date the response is filed. Defendants file their Reply Brief, along with this Motion for Leave, within the required 14 day period.

5. Pursuant to this Court's specific requirements, the Court will not entertain replies unless otherwise ordered.

6. Plaintiff's Response raises issues not previously plead by Plaintiffs relies upon evidence that is not before this Court as proper summary judgment evidence, and a reply argument is necessary to respond to Plaintiffs' mischaracterization of the undisputed facts, to object to improper summary judgment evidence, as well as to the allegations raised in Plaintiffs' response.

### C. Conclusion

7. For these reasons, Defendants ask the Court to grant its motion for leave to file a Reply to Plaintiffs' Response to Defendants' Motion for Partial Summary Judgment.

8. Defendants' Reply is filed herewith.

                    Respectfully submitted,

T. DANIEL SANTEE, II
CITY ATTORNEY
CITY OF ABILENE, TEXAS
P. O. BOX 60
ABILENE, TEXAS 79604
(325) 676-6251
(325) 676-6439 FAX
Attorneys for Defendant


By: */s/ Stanley E. Smith*
      Stanley E. Smith
      Texas Bar No. 00791694
      stanley.smith@abilenetx.com


By: */s/ Kelley K. Messer*
      Kelley K. Messer
      Texas Bar No. 24007672
      kelley.messer@abilenetx.com

CERTIFICATE OF CONFERENCE

I hereby certify that on August 25, 2014, I conferred with Chad W. Dunn, Attorney for Plaintiffs, regarding this motion for leave to file a reply, and Plaintiffs do not oppose the motion for leave.

/s/ Stanley E. Smith
Stanley E. Smith

CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2014, I filed the foregoing document with the clerk of the court for the U.S. District Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Chad W. Dunn, Brazil & Dunn, L.L.P., 4201 Cypress Creek Pkwy., Suite 530, Houston, Texas 77068.

/s/ Stanley E. Smith
Stanley E. Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| TAMMY CASS, Individually, and as Representative of the Estate of MARCUS CASS; NATHAN CASS; MATTHEW CASS; JERRY CASS & KYLE CASS, <br>     Plaintiffs, <br><br> v. <br><br> CITY OF ABILENE; STAN STANDRIDGE, Chief of Police; and CHRIS SMITH, Police Officer, <br>     Defendants. | CIVIL ACTION NO. <br> 1-13CV-00177-C <br> ECF |

## DEFENDANTS' REPLY AND OBJECTIONS TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE COURT:

Defendants, Stan Standridge, Chief of Police, and Chris Smith, Police Officer, file this Reply brief pursuant to LR 7.1(f), with requested leave of court, and move this Court pursuant to Rule 56 of the Federal Rules of Civil Procedure for partial summary judgment.

### I.

### OBJECTIONS TO, AND MOTION TO STRIKE, PLAINTIFFS' EVIDENCE

A.   To support a fact asserted in Plaintiffs' response, the summary judgment evidence must be admissible at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The facts stated in a declaration must be based on the declarants' personal knowledge. FRCP 56(c)(4); Cooper-Schut v. Visteon Auto. Sys., 361 F.3d 421, 429 (7th Cir. 2004). The facts stated in the declaration must be specific and must constitute admissible evidence. FRCP 56(c)(4); Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990).

Conclusory allegations, speculation, unsubstantiated assertions, and legalistic argumentation are no substitute for specific facts showing genuine dispute of material fact. TIG Ins. Co. v. Sedgwick James, 276 F.3d 754, 759 (5th Cir. 2002).

  B. Defendants' object to portions of the Declaration of Charles Camp. (*Pages 4-8, Plaintiffs' Appendix*). Charles Camp, declarant, incorporates statements made in a document filed in Case No. 1:13CR-001-C, United States of America v. Charles Camp. Through the incorporated document, Charles Camp states that "Marcus Cass was in the back of the store and *came out fearing a robbery*." Such statement is objectionable and inadmissible as being made without personal knowledge (FRCP 602), and is mere speculation by the declarant as to the mind of Marcus Cass (FRCP 601 & 602). Declarant has failed to lay a proper foundation for such statement. Charles Camp further states that "as he (Marcus Cass) entered a room *with no clear view of the invasion*, he (Marcus Cass) drew a pistol from his side." Such statement is objectionable and inadmissible as being made without personal knowledge (FRCP 602), and is mere speculation by the declarant (FRCP 601 & 602). Declarant has failed to lay a proper foundation for such statement.

  C. Defendants' object to portions of the Declaration of Roland DeLauney. (*Pages 9-12, Plaintiffs' Appendix*). Roland DeLauney states that "He (Charles Camp) *never threatened the police and always complied with their requests*." Such statement is objectionable and inadmissible as being made without personal knowledge (FRCP 602), and is mere speculation by the declarant (FRCP 601 & 602). Declarant has failed to lay a proper foundation for such statement. Roland DeLauney further states that "After his testimony, *the Chief stared at Marcus Cass*, nodded, and winked." Such statement is

objectionable and inadmissible as being made without personal knowledge (FRCP 602), and is mere speculation by the declarant (FRCP 601 & 602). Declarant has failed to lay a proper foundation for such statement. Roland DeLauney further states that *"It was obvious to both Marcus* and me that *he (Chief Stan Standridge) was trying to intimidate us."* Such statement is objectionable and inadmissible as being made without personal knowledge (FRCP 602), and is mere speculation by the declarant as to the mind of Marcus Cass and Stan Standridge (FRCP 601 & 602). Declarant has failed to lay a proper foundation for such statement. Roland DeLauney further states that "Marcus Cass gave an interview to KTXS, a local television station. In the interview which was aired that evening, *Marcus was critical of the ordinance and the police. He stated the APD misrepresented the legal requirements for precious metals dealers in Abilene."* Such statement is objectionable and inadmissible as hearsay (FRCP 801), being made without personal knowledge (FRCP 601), is not the best evidence of an aired interview (FRCP 1002), and is not authenticated evidence (FRCP 901). Roland DeLauney further states that "After the city council meeting, *Cass expressed concern about the police retaliating against him. He (Marcus Cass) said we should be extra careful and do everything by the book."* Such statement is objectionable and inadmissible as hearsay (FRCP 801), and being made without personal knowledge (FRCP 602).

    D.    Defendants object to a purported transcript of the Abilene City Council Meeting taking place on December 6, 2012. (*Pages 315-373, Plaintiffs' Appendix*). Such evidence is not properly authenticated (FRCP 901), and is not the best evidence (FRCP 1002). The document purports to be prepared by Silent Secretary, LLC, but there is no affidavit of authentication.

E.  Defendants object to numerous purported online news stories. (*Pages 483-502, Plaintiff's Appendix*). The documents are not authenticated (FRCP 901), and contain objectionable hearsay (FRCP 801), and are not made by persons with personal knowledge (FRCP 602).

F.  Defendants object to Plaintiffs' video evidence. (*Page 14, Plaintiff's Appendix*). Such video evidence is not properly authenticated (FRCP 901). Such video evidence does not indicate who is the operator of the recording device, that the operator was competent to operate the recording device, that the recording is authentic and correct, and that no changes or deletions were made to the recording. Most importantly, the video recording is not authenticated as to when it was made, where it was made, what is the subject of the video, and who is speaking in the video (i.e. the voices). Additionally, such video evidence was not a discovery document provided to Plaintiffs by Defendants.

G.  Defendants object to three photographs relied upon as evidence. (*Pages 16, 17 & 374, Plaintiffs' Appendix*). Such photographs are not properly authenticated (FRCP 901).

## II.

### ARGUMENT AND AUTHORITIES

A.  Summary judgment is proper in any case where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 at 322, 106 S.Ct. 2548 at 2552 (1986). A Defendant who seeks summary judgment on Defendant's affirmative defense must show the absence of a genuine issue of material fact and establish each element of its defense as a matter of law. <u>Crescent Towing & Salvage Co. v. M/V Anax</u>, 40 F.3d 741, 744 (5th Cir. 1994). Where the unresolved issues are

primarily legal rather than factual, summary judgment is particularly appropriate. Flath v. Garrison Public Sch. No. 51, 82 F.3d 244 at 246 (8th Cir. 1996).

B. Plaintiffs raise issues regarding the manner in which Defendants executed the Warrant upon Abilene Gold Exchange as being excessive force. Plaintiffs present no material facts regarding Stan Standridge, Chief of Police, as having been involved in either the decision making, or in the actual execution, of the Warrant. Stan Standridge, Chief of Police, was not involved in the decision making, or the actual execution, of the Warrant.

C. Regarding the execution of the Warrant upon Abilene Gold Exchange, Plaintiffs attempt, unsuccessfully, to argue that there is a material factual dispute as to whether the police officers, and Chris Smith, Defendant, specifically, announced that they were the police when they entered the business. All four of the police officers who executed the Warrant upon Abilene Gold Exchange testified that they each individually announced "police" or "police, search warrant," including Chris Smith, Defendant. (*Pages 10, 57, 60, 64, Defendants' Appendix*). In the Declaration of Bill Adams (*Pages 2-3, Plaintiffs' Appendix*), Mr. Adams, a third party witness, states that he was 20 to 25 feet from the front door of Abilene Gold Exchange, and that he "did not hear them (police officers) yell anything." (*Page 3, Plaintiff's Appendix*). Plaintiffs seek to make the illogical jump from Mr. Adams stating that he did not hear the police officers, to a material factual dispute that "none of the APD officers announced they were police." (*Page 9, Plaintiffs' Response*). Charles Camp, who was inside the business when the Warrant was served, states that the police officers came into the business yelling "get your hands up" and "nobody move," and that he could not recall specifically whether the

5

police officers yelled "Police" or "Search Warrant." (*Page 94, Defendants' Appendix*). Charles Camp further stated that he could not say that the police officers did not yell "Police" or "Search Warrant." Charles Camp further said "it is possible" that the police officers did say "Police" and "Search Warrant," but that he just could not remember. (*Page 94, Defendants' Appendix*). Also, in Charles Camp's declaration he states "the warrant was executed in a military fashion *with all officers entering rapidly and yelling instructions*," and "*the police were yelling loudly and it was difficult to discern the words they were yelling.*" (*Page 6-7, Plaintiffs' Appendix*). Charles Camp states that the police officers were yelling instructions loudly. Just because Bill Adams did not hear the police "yelling loudly" does not create material fact issue as to whether the police officers, and Chris Smith, Defendant, announced that they were the police when they executed the Warrant. The police officers, and Chris Smith, Defendant, announced that they were the police when they entered Abilene Gold Exchange to execute the search warrant.

D. Also, regarding the execution of the Warrant, Plaintiffs argue that it was unreasonable for the police officers, generally, and Chris Smith, Defendant, specifically, to have executed the Warrant with their weapons draw and ready. It is undisputed that Stan Standridge, Chief of Police, was not present when the Warrant was executed. Plaintiffs claim that, because Charles Camp and/or Marcus Cass, if believed, may have previously cooperated with the police department regarding the recovery of jewelry stolen by others, that Charles Camp and/or Marcus Cass would have likewise cooperated with the police department regarding criminal activity being conducted, not by others, but by Charles Camp and/or Marcus Cass. It was reasonable for the police officers, and Chris Smith, Defendant, to believe that these suspected criminals would not cooperate

6

with the police department's efforts to investigate their criminal activity. Plaintiffs also claim that, because the police officers knew that Charles Camp and/or Marcus Cass had weapons on their person and/or at their immediate disposal, that the police officers, including Chris Smith, Defendant, should have made the decision to execute the Warrant without use of their own weapons and place themselves at a tactical disadvantage. Plaintiffs argue that it was unreasonable for the police officers, and Chris Smith, Defendant, to make the decision to execute the Warrant with their weapons drawn because they should have known, with certainty, that Charles Camp and/or Marcus Cass would not have drawn or used their own weapons. As it turned out, the police officers' concerns were realized, and Marcus Cass did in fact draw his weapon at Chris Smith, Defendant. Chris Smith was able to defend himself only because the decision had been made that the police officers would execute that Warrant with their weapons already drawn.

E. Plaintiffs further argue that it was excessive force for Chris Smith, Defendant, to shoot Marcus Cass. When Chris Smith had entered the open doorway, Marcus Cass drew his weapon and he pointed it at Chris Smith. (*Pages 7 & 436, Plaintiffs' Appendix*). Despite Chris Smith's commands that Marcus Cass drop his weapon, Marcus Cass continued to point his weapon at Chris Smith, Defendant, and Chris Smith reasonably discharged his firearm at Marcus Cass to stop the threat to both himself and the other police offers present.

F. Plaintiffs also attempt to raise issues regarding retaliation as the reason for the pursuit and execution of the Warrant upon Abilene Gold Exchange. Plaintiffs do not dispute that Chris Smith, Defendant, was investigating a theft, and that he contacted

7

Charles Camp at Abilene Gold Exchange regarding that investigation. Plaintiffs do not dispute that Charles Camp did not cooperate with Chris Smith, Defendant. Chris Smith, Defendant, characterized Charles Camp's behavior during this contact as an "unwillingness to cooperate," and being "upset" and "ranting." *(Pages 8, 9 & 15, Defendants' Appendix)*. Plaintiffs present evidence that "Charles Camp would become frustrated and complain to the police about having to keep records and wasting time complying with all the regulations." (*Page 10, Plaintiffs' Appendix*). Plaintiffs present evidence that "(Chris) Smith was new the APD's property crime division and was not part of the team of officers who dealt with Camp and Cass in the recent past." (*Page 4, Footnote 2, Plaintiffs' Response)*. Additionally, Plaintiffs present evidence that "(Chris) Smith had never met Camp or Cass and had never been to (Abilene Gold Exchange)." (*Page 4, Footnote 2, Plaintiffs' Response)*. It is undisputed that Abilene Gold Exchange's failure to report purchases of gold and silver, in concert with Charles Camp's previous felony conviction and Charles Camp's failure to cooperate during the investigation of the theft, raised a probable cause belief in Chris Smith, Defendant, that the owners of Abilene Gold Exchange, Charles Camp and Marcus Cass, were violating the law by failing to report gold purchases. (*Page 8, Defendants' Appendix)*. Plaintiffs do not dispute the validity of Chris Smith' probable cause or the validity of the Warrant itself.

G. Plaintiffs state that police officers Jeff Cowan and Chris Adams, third parties, rather than Chris Smith, Defendant, had been dealing with Abilene Gold Exchange, and that it was police officer Jeff Cowan who was the Abilene Police Department's liaison who drafted and was instrumental in the passage of the ordinance in

question. Plaintiffs present evidence that "it was Officer Cowan and Adams who had been dealing with (Abilene Gold Exchange)." (*Page 4, Footnote 2, Plaintiffs' Response*). Plaintiffs present evidence that police officer Jeff Cowan was the actual author of the ordinance Marcus Cass spoke out against, that police officer Jeff Cowan had worked a year and a half to get the ordinance passed, that the ordinance was very important to police officer Jeff Cowan, and that police officer Jeff Cowan had attended the Abilene City Council meeting when Marcus Cass spoke in opposition to the ordinance. (*Pages 7-8, Plaintiffs' Response*). Plaintiffs also argue that it was police officer Jeff Cowan who misrepresented the effective date of the ordinance to Abilene Gold Exchange. (*Page 8, Plaintiffs' Response*). Plaintiffs can only speculate that police officer Jeff Cowan, or Sergeant Robinson, told the other officers about Marcus Cass' comments at the city council meeting. (*Page 8, Plaintiffs' Response*). Plaintiffs present no evidence that police officer Jeff Cowan, or Sergeant Robinson, told the other officers, or Chris Smith, Defendant, that Marcus Cass had spoken in opposition to the ordinance. The only evidence presented by Plaintiffs is that police officer Jeff Cowan testified that he "could have" participated in the preparation of the warrant. (*Page 8, Plaintiffs' Response*). Plaintiffs have provided no material facts, or legal authority, that any alleged bias police officer Jeff Cowan may have had against Charles Camp, Marcus Cass, or Abilene Gold Exchange, can be or should be imputed to Stan Standridge, Chief of Police, or Chris Smith, police officer, Defendants herein.

H.  Plaintiffs also present issues regarding the number of felony criminal offenses the Abilene Police Department, and other law enforcement agencies, ultimately determined had been occurring at Abilene Gold Exchange. Plaintiffs state that Charles

9

Camp, owner of Abilene Gold Exchange, as a result of evidence found on the date the Warrant was executed, was charged with four felony counts of failure to pay taxes (*Page 12, Plaintiffs' Response*), the felony of felon in possession of a firearm (*Page 12, Footnote 8, Plaintiffs' Response)*, felony gun smuggling and felony money laundering (*Page 12, Footnote 7, Plaintiffs' Response)*. Plaintiffs continue to argue that the City of Abilene Police Department refuses to return evidence seized (i.e. guns and associated items and jewelry) from Abilene Gold Exchange to Plaintiffs, the heirs of Marcus Cass, despite the fact that Plaintiffs are now changing their position from Marcus Cass being an owner of Abilene Gold Exchange to Marcus Cass merely being an employee of Abilene Gold Exchange. (*Page 1, Plaintiffs' Response)*.

### III.

### CONCLUSION

In this case, there is an absence of a genuine issue of material fact. Stan Standridge, Chief of Police, and Chris Smith, police officer, Defendants, are entitled to final judgment as a matter of law regarding the defense of qualified immunity.

WHEREFORE, Defendants pray this court enter its order granting summary judgment in favor of Defendants, Stan Standridge, and Chris Smith, and against Plaintiffs, and for such other and further relief as this court deems proper.

    Respectfully submitted,

    T. DANIEL SANTEE, II
    CITY ATTORNEY
    CITY OF ABILENE, TEXAS
    P. O. BOX 60
    ABILENE, TEXAS 79604
    (325) 676-6251
    (325) 676-6439 FAX
    Attorneys for Defendants

By: _/s/ Stanley E. Smith_
    Stanley E. Smith
    Texas Bar No. 00791694
    stanley.smith@abilenetx.com

By: _/s/ Kelley K. Messer_
    Kelley K. Messer
    Texas Bar No. 24007672
    kelley.messer@abilenetx.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2014, I filed the foregoing document with the clerk of the court for the U.S. District Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Chad W. Dunn, Brazil & Dunn, L.L.P., 4201 Cypress Creek Pkwy., Suite 530, Houston, Texas 77068.

    _/s/ Stanley E. Smith_
    Stanley E. Smith